[Cite as *Scolaro v. Ohio Univ.*, 2015-Ohio-4899.]

## IN THE COURT OF CLAIMS OF OHIO

HANNAH SCOLARO

    Plaintiff

    v.

OHIO UNIVERSITY

    Defendant

Case No. 2015-00304-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} On April 6, 2015, Hannah Scolaro (hereinafter "plaintiff") filed a complaint in this Court against Ohio University (hereinafter "OU") alleging that as a result of OU's negligence in clearing university sidewalks of snow and ice, she fell and broke two of her teeth. Plaintiff is a student at Ohio University. On February 21, 2015 she and a friend were walking to a dining hall on campus when she slipped and fell on an ice covered area. In her fall, plaintiff's face struck the ground breaking parts of her two front teeth.

{¶2} In order to repair her teeth, plaintiff required two root canals and two crowns which necessitated multiple trips to the dentist. Plaintiff's dental bills for this repair were $2,845.00, none of which appears to be covered by insurance.

{¶3} In an Investigation Report filed June 29, 2015, OU did not dispute plaintiff's version of the facts nor the amount of damage. The University does however dispute liability. Relying on the case of *Brinkman v. Ross* (1993), 68 Ohio St 3d 82, 84, the University points out that Ohio law regards the natural accumulation of snow and ice as an open and obvious hazard. Plaintiff, OU argues, should have been aware of this hazard and done what was necessary to protect herself.

{¶4} While *Ross* remains the law in Ohio, there is an exception. *Ross* is limited in cases where a municipality or local government has enacted a safety statute

requiring snow and ice removal.   Athens, where OU is located, is one of these municipalities.

{¶5} Section 9.12.19 of the Athens City Ordinance states as follows:

{¶6} "The owner, occupant, or person having the care of any building or lot of land

{¶7} bordering on any street with graded or paved sidewalk, within the first four hours

{¶8} after daylight, following or during a fall of snow, shall cause the snow to be

{¶9} removed from such walk; and this provision shall include snow or ice falling from

{¶10} any building."

{¶11} "Failing to clear the sidewalks is a criminal offense.  According to the city code, if

{¶12} not cleared, the responsible party faces a minor misdemeanor and a fine up to

{¶13} $100 per day."

{¶14} A plain reading of the facts of this case leads the Court to find that OU did not comply with Athens City Ordinance.  However, does mere failure to comply with the Ordinance on the part of OU give rise to liability?

{¶15} Under Ohio law, a party's action may be found to be *negligent per se* when all of the following are present:

    a.    The defendant failed to comply with a statute

    b.    The statute provides for a criminal penalty

    c.    The act caused the kind of harm the statute was designed to prevent

    d.    The plaintiff is part of the class that the statute is designed to protect

{¶16} Reviewing the facts of this case in light of a claim of *negligence per se*, the

Court finds as follows:  The pleadings submitted by the parties requires the Court to draw the conclusion that OU is either unaware or for other reasons, chooses not to comply with  snow and ice removal requirements as set forth in the Athens City Ordinance.   As noted above, the failure to comply with ordinance is a minor misdemeanor punishable by fine, thus there is a criminal penalty present.  Finally, it is patently clear that the ordinance was passed to protect pedestrians like the plaintiff from the kind of harm she received when she slipped and fell on the ice.

{¶17} Finding therefore that OU was *negligent per se* in failing to remove the snow and ice which caused Plaintiff's fall and subsequent injury and damages, the Court finds in this case for the Plaintiff.

**IN THE COURT OF CLAIMS OF OHIO**

HANNAH SCOLARO

 Plaintiff

 v.

OHIO UNIVERSITY

 Defendant

Case No. 2015-00304-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,870.00, which includes the filing fee. Court costs are assessed against defendant.

_____
MARK H. REED
Clerk

Entry cc:

Hannah Scolaro
4754 W. Bath Road
Akron, Ohio 44333

Linda Lonsinger, Esq.
Associate General Counsel
Ohio University
160 W. Union Street, Office Center 150
1 Ohio University
Athens, Ohio 45701-2979

Filed 8/11/15
Sent to S.C. Reporter 11/24/15